FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-CR-00178-RLP-1 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS |
| v. | |
| TRENT TAYSHAWN JOAB WILLIAMS, | **MOTIONS DENIED** **(ECF No. 23, 35)** |
| Defendant. | |

Pending before the Court is Defendant TRENT TAYSHAWN JOAB WILLAMS' Motion to Modify Release Conditions, **ECF No. 23**, and Defendant's Motion for Status Hearing, **ECF No. 35**.  Specifically, Defendant moves the Court to strike pretrial release Condition No. 15 requiring GPS location monitoring and pretrial release Condition No. 16 setting a curfew from 9:00 p.m. to 6 a.m. as set forth in the Court's Order Following Detention Hearing and Denying the United States' Motion for Detention as Moot, ECF No. 20.  **ECF No. 23**.

## I.    BACKGROUND

Defendant is charged with Aggravated Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2241(a)(1), 1153 (Count 1); Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2242(3), 1153 (Count 2); and Assault by Suffocating and Attempting to Suffocate an Intimate Partner and Dating Partner in Indian Country, in violation of 18 U.S.C. §§ 113(a)(8), 1153 (Count 3).  ECF No. 1.  The Government

ORDER - 1

initially sought Defendant's detention.  ECF No. 5.  On December 5, 2025, the Court held a detention hearing.  ECF No. 20.  During the detention hearing, after consultation with United States Probation and Defendant's counsel, the United States withdrew its motion for detention.  *Id*.  The Court then imposed conditions of pretrial release, including pretrial release Condition No. 15 requiring GPS location monitoring and pretrial release Condition No. 16 setting a curfew from 9:00 p.m. to 6 a.m.  *Id*. at 4.  Defendant did not object to any of the release conditions on December 5, 2025.

The alleged victim in this case was a minor at the time of the alleged offense.  As such, at the time the Court imposed pretrial release conditions, the Court considered the conditions of release to be governed by the Adam Walsh Child Protection and Safety Act (the "Walsh Act"), as provided in 18 U.S.C. §3142(c)(1)(B), requiring the mandatory imposition of the conditions of, *inter alia*, electronic monitoring and a specified curfew.  In relevant part, the Bail Reform Act provides:

> In any case that involves a minor victim under section . . . [18 U.S.C. §§] 2241, 2242 . . . any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv) [abide by specific restrictions on personal associations, travel and residence], (v) [no contact with victim and witnesses], (vi) [report to pretrial services as directed], (vii) [comply with specified curfew], and (viii) [do not possess a firearm, destructive device or dangerous weapon].

18 U.S.C. § 3142(c)(1)(B).  The Court's release order comports with 18 U.S.C. § 3142(c)(1)(B).

Defendant then moved to modify his conditions of release.  ECF No. 23.  On April 29, 2026, the Court held a hearing to consider Defendant's Motion to Modify Release Conditions.  ECF No. 27.  During the hearing, Defendant, through

ORDER - 2

counsel, argued that the Walsh Act does not apply to this case because the alleged victim is no longer a minor and the alleged offense does include the element of minor victim, giving the Court the discretion to strike these conditions of release. In the alternative, Defendant argued the Court has the authority to exercise discretion in applying the mandatory release conditions. *See United States v. Peeples*, 630 F.3d 1136 (9th Cir. 2010). Defendant contended there are other forms of electronic monitoring, specifically voice recognition technology, that could be used instead of GPS monitoring in this case. The United States did not oppose Defendant's request regarding the curfew condition and noted the alleged victim was not opposed to removal of the curfew condition. The United States did oppose removal of the electronic monitoring condition.

Following the hearing, U.S. Probation Officer Erik Carlson informed the Court that with respect to minor victims, United States Probation national policy requires a curfew and continuous electronic monitoring. U.S. Probation Officer Carlson, therefore, recommended the continued condition of curfew and a modification of the GPS condition providing U.S. Probation the discretion regarding the use of appropriate technology for location monitoring, all within the framework of Untied States Probation national policy.

The Court then issued the Order Following Hearing on Defendant's Motion to Modify Release Conditions, ECF No. 28, ordering briefing on the applicability of the Walsh Act to this case and ordering all conditions of pretrial release set forth in the Order, ECF No. 20, to remain in full force and effect pending briefing.

## II.    ARGUMENT

Defendant contends the Walsh Act should not be applied to this case as the alleged victim is now an adult, so the term "minor victim" no longer applies. ECF No. 33. Defendant further argues the application of mandatory conditions of release based on the crime charged is a violation of Defendant's due process rights

ORDER - 3

and an individual determination should be made regarding the conditions of release.  *Id.*  Defendant alternatively contends a lesser form of location monitoring should be ordered in this case.  *Id.*

The United States contends the Walsh Act does apply to this case as the alleged victim was a minor at the time of the offense, even though the alleged victim is now an adult.  ECF No. 34.  The United States further contends the mandatory conditions of the Walsh Act do not violate Defendant's due process rights.  *Id*.

## III.    DISCUSSION

The Court has fully reviewed and considered Defendant's Motion to Modify Conditions of Release, **ECF No. 23**; Defendant's Brief, ECF No. 33; the United States' Response to Defendant's Motion to Modify Conditions of Release, ECF No. 34; the Indictment, ECF No. 1; the Courts prior Release Order, ECF No. 20; the applicable statutes and case law; and the case file generally.  Pursuant to 18 U.S.C. § 3142, the Court has also again considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).  The Court has also considered the applicable rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(E), as the offense involves a minor victim.

ORDER - 4

A. **Applicability of the Walsh Act.**

The Walsh Act, codified at 18 U.S.C. § 3142(c)(1)(B), requires the mandatory imposition of the conditions of, *inter alia*, electronic monitoring and a specified curfew in "any case that involves a minor victim." *Id*. Defendant argues the Walsh Act no longer applies to the specific facts of this case because the alleged victim in the case, while a minor at the time of the alleged offense, is no longer a minor. Defendant argues the use of the term "involves" rather than "involved" indicates an intent for the Walsh Act to apply only until the alleged victim is no longer a minor. Defendant further argues because neither the Walsh Act nor the Bail Reform Act provide a definition of "minor victim," the phrase is ambiguous and should be construed in his favor as referencing a minor in the present (rather than a minor at the time of the offense).

Defendant's arguments are not persuasive. The stated purpose of the Walsh Act is "to protect the public from sex offenders and offenders against children." Adam Walsh Child Protection and Safety Act of 2006, PL 109-248, July 27, 2006, 120 Stat 587. The purpose is clearly stated to include protection of the public, not just the specified victim in a case involving a minor. For that reason alone, it is nonsensical to believe the intent of the Walsh Act was intended to only apply while an alleged victim is a minor and then not apply once the alleged victim becomes an adult. Rather, in the Court's view, the Walsh Act must also be read as intended to protect other minors who are members of the public because Defendant is charged with a crime that involved a minor at the time the crime was alleged to have occurred. Defendant's reading of the Walsh Act flies in the face of one of the stated purposes of the Walsh Act—the protection of the public, including minors, from people accused of crimes involving children.

Moreover, even if the Adam Walsh Act did not apply to this case, the Court, after consideration of the factors set forth in 18 U.S.C. § 3142(g), separately finds

ORDER - 5

the current release conditions necessary and appropriate to reasonably assure the safety of any other person and the community.

## B.    Due Process.

Defendant additionally argues mandatory conditions of release violate a defendant's due process rights because courts then cannot make individualized determinations of the appropriate conditions.  ECF No. 33.  Specifically, Defendant argues the electronic monitoring condition violates his due process rights under the Fifth Amendment because it defers to U.S. Probation's national policy.  *Id*.  Defendant argues the imposition of a specific type of electronic monitoring according to U.S. Probation's policy does not comply with the "narrow safe harbor" set forth in *Peeples*.  Defendant requests that the Court "impose the least restrictive form of location monitoring available."  *Id*.

The Ninth Circuit in *Peeples* held the application of the mandatory conditions required by the Walsh Act do not violate a defendant's due process rights because such application still "require[s] the district court to exercise its discretion, to the extent practicable, in applying the mandatory release conditions." *Peeples*, 630 F.3d at 1139.  Defendant suggests that if the Court defers to the policy of U.S. Probation regarding the type of electronic monitoring ordered, the Court is no longer exercising its discretion in applying the mandatory condition and Defendant's due process rights would be violated.

The Court disagrees.  Under *Peeples*, the Court is required to "exercise its discretion, *to the extent practicable*, in applying the mandatory release conditions." *Id.* (emphasis added).  Practicability requires the consideration of available resources in constructing the appropriate conditions of release and certainly allows for consultation with United States Probation and consideration of United States Probation's recommendations and policies.

ORDER - 6

Accordingly, the Court again separately finds, after consideration of the factors set forth in 18 U.S.C. § 3142(g), with respect to Defendant, that technologies only providing periodic spot-checking location sampling, such as virtual mobile application and voice recognition technologies, are not sufficient in this case. The Court affirmatively finds the current condition requiring GPS monitoring is necessary and appropriate to reasonably assure the safety of any other person and the community.

## VI.    ORDER

Accordingly, after full consideration of the factors and materials noted above, the Court continues to find the previously entered conditions of pretrial release as set forth in the Court's Order Following Detention Hearing on Indictment and Denying the United States' Motion for Detention as Moot, ECF No. 20, are necessary to reasonably assure the safety of the community and any other person.

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion for Status Hearing, **ECF No. 35**, is **DENIED AS MOOT**.

2.    Defendant's Motion to Modify Conditions of Release, **ECF No. 23,** is **DENIED.**

3.    The previously entered conditions of pretrial release as set forth in the Court's Order Following Detention Hearing on Indictment and Denying the United States' Motion for Detention as Moot, ECF No. 20, remain in full force and effect **including pretrial release Condition Number 15 imposing GPS location monitoring and pretrial release Condition Number 16 imposing a curfew**.

4.    If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and

ORDER - 7

shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

5.　　If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED August 4, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 8